IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 13, 2005

## DEVON CRAWFORD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-21811     John P. Colton, Jr., Judge**

---

### No. W2004-02895-CCA-R3-PC  - Filed October 27, 2005

---

The Appellant, Devon Crawford, appeals the judgment of the Shelby County Criminal Court denying post-conviction relief. On appeal, Crawford argues that he was denied his Sixth Amendment right to the effective assistance of counsel. After review, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for the Appellant, Devon Crawford.

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; William L. Gibbons, District Attorney General; and P. Thomas Hoover, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Procedural History

The relevant facts, as previously summarized by this court, established:

On September 4, 1997, the [Appellant], Devon M. Crawford, was found guilty of especially aggravated robbery, indictment number 97-02686. On October 1, 1997, he was found guilty of aggravated robbery, indictment number 97-03493. [Appellant] was sentenced to 25 years and 11 years respectively, to run consecutively. On March 4, 1998, [Appellant] pled guilty to first degree murder and was sentenced to life with the possibility of parole, indictment number 97-02728. On May 29, 1998, [Appellant] pled guilty to aggravated robbery and was sentenced to eight years, indictment number 97-02730. All sentences were ordered to run

concurrently with the life sentence. On August 19, 1999, the [Appellant] filed a *pro se* petition for post-conviction relief on all four convictions. [Appellant] was appointed counsel on September 23, 1999 who filed an amended petition on February 9, 2000. The State's response, filed December 6, 2000, noted that [Appellant's] claims as to cases 97-02728 and 97-02730 were barred by the statute of limitations. The trial court entered an order dismissing [Appellant's] petition as it related to 97-02728 and 97-02730. On August 15, 2002, an evidentiary hearing was held on the [Appellant's] petition and was taken under advisement by the trial court. The trial court entered an order denying relief on all claims stating that they were all barred by the statute of limitations.

*Devon Crawford v. State*, No. W2003-00016-CCA-R3-PC (Tenn. Crim. App. at Jackson, Nov. 14, 2003). A panel of this court held that the trial court erred when it denied post-conviction review for the two aggravated robbery convictions stemming from indictments 97-02730 and 97-03493 upon grounds that the petitions were barred by the statute of limitations.[1] *Id.* As a consequence, these cases were remanded to the trial court for consideration of the claims on the merits.

On October 28, 2004, the trial court denied post-conviction relief for both convictions. As agreed by the Appellant and the State, no evidentiary hearing was conducted upon remand as the post-conviction court reviewed the proof presented at the previous evidentiary hearing in case number P-21811. We would note, however, that although the trial court reviewed the original post-conviction hearing, a copy of the transcript of the evidence was not included in the record. Nonetheless, this court may take judicial notice of its own records. Tenn. R. App. P. 13(c); *James William Dash v. Howard W. Carlton, Warden*, No. E2001-02867-CCA-R3-PC (Tenn. Crim. App. at Knoxville, Sept. 11, 2002).

**Analysis**

On appeal, the Appellant asserts that trial counsel's representation was deficient because: (1) "counsel failed to contact witnesses for the [Appellant's] alibi defense"; (2) "counsel failed to adequately cross-examine the State's witness"; and (3) "counsel did not visit [A]ppellant enough to adequately prepare." To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. With a guilty plea, to satisfy the "prejudice" prong, the Appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52,

---

[1]The Appellant's conviction for aggravated robbery in indictment No. 97-03493 resulted from a jury's verdict; whereas, his conviction for aggravated robbery in 97-02730 resulted from a plea of guilty.

56, 106 S. Ct. 366, 369 (1985).  The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings.  *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either.  *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.  In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact.  *Id*. at 461.  "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)).  However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct.  *Id*.

## I. Alibi Witnesses

The Appellant asserts that trial counsel failed to contact or call his mother and/or his father as witnesses, who would have supported an alibi defense.  Neither the Appellant's mother nor his father was called as a witness at the post-conviction hearing.  When an appellant claims that trial counsel failed to present a particular witness in support of his defense, he should present the witness at the evidentiary hearing.  *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).  Through this testimony, an appellant must establish that not presenting this witness at trial "resulted in the denial of critical evidence which inured to the prejudice of the [Appellant]."  *Id*.  Because the Appellant failed to present either his mother or his father at the evidentiary hearing, we have no way of knowing whether their testimony would have supported an alibi defense.  Allegations of deficient performance must be proven by clear and convincing evidence.  The record establishes that the post-conviction court accredited the testimony of trial counsel that the Appellant never mentioned an alibi defense.  In fact, trial counsel testified that he met with the Appellant's mother; however, "at no time did she mention anything about an alibi."  Moreover, counsel learned that the Appellant's father was incarcerated, but counsel was never made aware that the father was a potential alibi witness.  With regard to the proof on this issue, the post-conviction court concluded that "counsel conducted [the Appellant's] defense with the information available."  We agree.  Accordingly, we find this allegation of deficient performance without merit.

## II. Cross-examination of State's Witness

Next, the Appellant asserts that trial counsel failed to adequately cross-examine the State's witness regarding the clothing worn by the Appellant at the time of the crime. However, the Appellant fails to explain how such a cross-examination would have been of benefit or produced a different result. At the post-conviction hearing, trial counsel testified that the Appellant's attire was not an issue in either case. Specifically, he testified:

> clothes wouldn't have been important because [the Appellant] wasn't arrested wearing the same clothes and I really don't know how that would have been relevant, or how I could have made an issue out of that, because he was not arrested until days after the crime. So I'm not sure what making a big deal out of clothes, I don't know what we would have proven from that.

Moreover, on direct appeal, a panel of this court concluded that the identifications of the Appellant by both of his victims were adequate for a rational trier of fact to find the Appellant guilty beyond a reasonable doubt. *Crawford*, No. 02C01-9803-CR-00061. Because deficient performance is not established, this claim is without merit.

## III. Visitation and Preparation

Lastly, the Appellant contends that "trial counsel did not visit him enough to adequately prepare" for trial. The Appellant fails to suggest how additional communications or visits to the jail would have benefitted his cause or produced a different result. Proof of deficient representation by omission requires more than a bare allegation of a lost potential benefit. This issue is without merit.

### CONCLUSION

Based upon the foregoing, we affirm the dismissal of the petition for post-conviction relief by the Shelby County Criminal Court.

_____
DAVID G. HAYES, JUDGE

-4-